

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2005

# Bierley v. Shimek

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bierley v. Shimek" (2005). *2005 Decisions.* Paper 333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4359
_____

HARRY L. BIERLEY,
Appellant

v.

JAY SHIMEK, DISTRICT JUDGE;
MARGARET JORDAN, CEO, Office of Code Enforcement

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00326)
District Judge: Honorable Maurice B. Cohill, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2005

Before: Rendell, Ambro and Fuentes, <u>Circuit Judges</u>.

(Filed: October 27, 2005 )

_____

OPINION

_____

PER CURIAM

Harry Bierley appeals from the order of the United States District Court for the

Western District of Pennsylvania denying his motion for relief from judgment. For the

reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. In October 2003, Bierley filed an action against the defendants alleging they violated his constitutional rights through the issuance of summary offense citations against him for property maintenance code violations. The District Court granted the defendants' motions to dismiss and dismissed the complaint. Bierley later filed a "Motion for Relief From Judgment Due to Fraud and Perjury By the Court." The District Court denied the motion. Bierley appeals.

We have appellate jurisdiction under 28 U.S.C. § 1291. Bierley's motion properly is considered a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.[1] We review the District Court's denial of relief under Rule 60(b) for abuse of discretion. See Coltec Indus. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). Because this is an appeal only from the order denying Rule 60(b) relief, and not from the underlying order dismissing Bierley's complaint, we cannot address the merits of Bierley's claims unless we conclude that the District Court abused its discretion in denying Rule 60(b) relief.[2] See Torres v. Chater, 125 F.3d 166, 167 (3d Cir. 1997);

---

[1] A motion for relief from judgment may also be brought under Rule 60(a) for correction of clerical mistakes. Bierley did not allege clerical mistakes as the basis for his motion.

[2] Despite Bierley's arguments in his brief regarding the merits of his claims, this appeal cannot be viewed as an appeal of the underlying order dismissing the complaint because the notice of appeal was not filed within thirty days of entry of that order. See Fed. R. App. P. 4(a)(1)(A). Moreover, Bierley's motion for relief from judgment was filed more than ten days after entry of the order dismissing the complaint and thus did not

Horner Equip. Int'l., Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 91-92 n.9 (3d Cir. 1989).

Relief under Rule 60(b) is warranted only under extraordinary circumstances. Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Upon review of the record, and without expressing an opinion as to the merits of the Bierley's underlying claims, we discern no extraordinary circumstances to warrant Rule 60(b) relief. Bierley's motion for relief from judgment, though putatively based on "fraud and perjury by the Court," is largely composed of vitriolic commentary on the District Judge and his analysis of Bierley's claims. In substance, the motion reasserted arguments previously presented, considered, and rejected in the proceedings. Disagreement with the District Court's rulings, however vehemently presented, does not constitute an extraordinary circumstance. See Moolenaar, 822 F.2d at 1346 (setting forth examples); id. at 1347 ("extraordinary" circumstances are necessary for granting Rule 60(b) relief; inequities or "manifest injustice" alone do not meet the standard). Accordingly, we conclude that the District Court did not abuse its discretion in denying Bierley's motion for relief from judgment, and we do not reach the merits of the underlying claims.

We will affirm the District Court's order denying post-judgment relief. Bierley's motion to strike the brief of appellee Margaret Jordan is denied.

---

toll the period for filing a notice of appeal. See Fed. R. App. P. 4(a)(4)(A).