

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2006

# Scocca v. Cendant Mtg

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2477

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Scocca v. Cendant Mtg" (2006). *2006 Decisions.* Paper 419.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/419

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2477
_____

RICHARD A. SCOCCA, JR.
                                    Appellant

v.

CENDANT MORTGAGE CORPORATION
f/k/a PHH US MORTGAGE CORPORATION

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-0704)
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: September 25, 2006)

_____

OPINION
_____

PER CURIAM

        Richard A. Scocca, Jr. appeals pro se from an order of the United States District

Court for the Eastern District of Pennsylvania denying as frivolous his motion filed

pursuant to Fed. R. Civ. P. 60(b) and his motion for recusal. For the reasons that follow, we will affirm.

I.

The parties are familiar with the facts, so we will only briefly revisit them here. In June 2001, rental property owned by Scocca, on which Cendant Mortgage Corporation ("Cendant") held a mortgage, was sold at a judicial tax sale after the local tax collector failed to record Cendant's timely payment of school taxes. Cendant later advised Scocca that it had negotiated with the purchaser to restore ownership of the property to Scocca, and the tax sale was set aside by a "Stipulation and Agreement" entered in the Court of Common Pleas of Delaware County, Pennsylvania.

In February 2004, Scocca filed a complaint in the District Court alleging, inter alia, that Cendant breached its contractual and fiduciary duties, committed fraud, and violated the Real Estate Settlement Procedures Act ("RESPA"). The District Court (Judge Dalzell) granted Cendant's motion to dismiss on November 8, 2004. Scocca did not appeal. Instead, he filed a motion for reconsideration, which the District Court denied on December 23, 2004. Scocca filed a second motion for reconsideration on March 16, 2005, again challenging the order granting Cendant's motion to dismiss. On April 20, 2005, the District Court denied this motion because it was untimely and because Scocca did not satisfy any of the requirements for reconsideration. See Messina v. Krakower, 439 F.3d 755, 758-59 (3d Cir. 2006).

2

Almost one year later, on April 12, 2006, Scocca filed a motion pursuant to Fed. R. Civ. P. 60(b), claiming that he "was unable to move to file a timely appeal" of the District Court's two orders denying reconsideration because he "just realized" that he did not receive any notice of those orders. He simultaneously moved for recusal of Judge Dalzell, alleging bias. On April 13, 2006, the District Court denied both motions as frivolous.

Scocca appealed. We have appellate jurisdiction under 28 U.S.C. § 1291.

II.

An appeal from an order denying a motion for relief from a judgment under Rule 60(b) brings up only the correctness of the order denying that motion, not the underlying order. See Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997). We review the District Court's denial of a Rule 60(b) motion for an abuse of discretion. See Coltec Indus. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). We can affirm on any basis appearing in the record. See Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

In his Rule 60(b) motion, Scocca sought to extend the time for appealing from the denial of his two motions for reconsideration, arguing that he did not receive timely notice of those orders. However, "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed. R. Civ. P. 77(d). Relying on that rule, we have held that

3

where the sole basis for a Rule 60(b) motion is the lack of notice of the entry of an order, the motion must meet the time limitations of Rule 4(a). See Hall v. Community Mental Health Center, 772 F.2d 42, 44 (3d Cir. 1985) (stating that because the provisions of Rule 4(a) are "more specific to the appellate process than Rule 60(b)," they control the timing of the filing of appeals); West v. Keve, 721 F.2d 91, 96 (3d Cir. 1983) (holding that "to allow a party to rely on Rule 60(b) as an alternative to the time constraints of Rule 4(a) would have the substantive effect of nullifying the provisions of Rule 4(a)(5)."). Pursuant to Rule 4(a)(5), a district court may extend the time for filing a notice of appeal for excusable neglect or good cause, upon a motion filed no later than 30 days after the expiration of the time prescribed by Rule 4(a). See Fed. R. App. P. 4(a)(5). Rule 4(a)(6) permits a district court to reopen the time for filing where the moving party did not receive notice of the entry of the judgment sought to be appealed, if the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier. See Fed. R. App. P. 4(a)(6).

The orders denying Scocca's motions for reconsideration were entered on December 23, 2004, and April 20, 2005. Scocca had until January 24, 2005, and May 20, 2005, respectively, to file timely notices of appeal. See Fed. R. App. P. 4(a)(1)(A) (providing 30-day period within which to appeal final orders in civil actions to which the United States is not party). Scocca filed his Rule 60(b) motion on April 12, 2006, well outside the periods for filing a timely Rule 4(a)(5) or Rule 4(a)(6) motion. Accordingly,

4

we conclude that the District Court did not abuse its discretion in denying Scocca's Rule 60(b) motion.

III.

Scocca also appeals the District Court's order denying his motion for recusal, which was based upon an allegation that Judge Dalzell was biased against Scocca in this case and against pro se litigants in general. Adverse legal rulings are not proof of prejudice or bias and almost never a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994). We find nothing in the record that suggests "a deep-seated favoritism or antagonism" by Judge Dalzell that would preclude fair judgment. Id. Nor do we perceive any facts from which a reasonable person would conclude that Judge Dalzell's impartiality might reasonably be questioned. See 28 U.S.C. 455(a); Edelstein v. Wilentz, 812 F.2d 128 (3d Cir. 1987). We thus have little difficulty concluding that the District Court did not abuse its discretion in denying Scocca's recusal motion.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.