

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# Simon v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Simon v. Robinson" (2007). *2007 Decisions.* Paper 1509.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1509

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-125                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4663
_____

CHARLES SIMON,
Appellant

vs.

KAROLYN D. ROBINSON, Coordinator;
FEDERAL PRISON INDUSTRIES, INC.;
STEVE SCHWALB, Chief Operating Officer
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 98-cv-05707)
District Judge: Honorable Faith S. Hochberg
_____

Submitted On Motion For Summary Affirmance
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2007
Before:  MCKEE, FUENTES and WEIS, CIRCUIT JUDGES
Filed: March 7, 2007

_____

OPINION
_____

PER CURIAM.

        Charles Simon appeals pro se from an order of the United States District

Court for the District of New Jersey taking no action on Simon's motion filed under Rule

1

60(b), Federal Rules of Civil Procedure.  We will affirm.

The parties are familiar with the background of this matter, so we will not recount it at length.[1]  In December 1998, Simon initiated a civil action in the District Court,  seeking judicial review and redetermination of compensation benefits made to him under the Inmate Accident Compensation Act ("IACA").  His allegations stem from a work-related injury he suffered in 1987 during his incarceration as a federal prisoner.[2]  Among other things, Simon claimed that the IACA and implementing regulations are discriminatory and are inconsistent with the Federal Employees Compensation Act, 5 U.S.C. § 8106.  He filed an amended complaint in October 2005, framing his claims as Title VII violations and Fifth and Eighth Amendment violations.  He sought declaratory relief and damages.  He also filed a motion for injunctive relief, seeking an order compelling the defendants to provide additional medical treatment, namely, back surgery.  The federal defendants filed a motion for summary judgment.  On June 2, 2006, the District Court granted the defendants' motion on res judicata grounds, noting that Simon had unsuccessfully pursued substantially identical actions in other judicial forums and has been subject to sanctions for abuse of court resources.  Further, the District Court enjoined Simon from filing without leave of court any further pleadings in the District of

---

[1]  This matter has been the subject of previous appeals, most recently, C.A. No. 05-4956 and C.A. No. 06-1803.  We dismissed both appeals for lack of appellate jurisdiction.

[2]  Simon is no longer incarcerated.

New Jersey arising out of the same facts. In addition, the District Court set forth criteria that Simon must certify that he meets if he wished to seek leave to file any further pleading, specifically, that the proposed filing (1) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure; (2) will not be barred by principles of claim or issue preclusion; (3) will not be repetitive or violative of a court order; and (4) will be compliant with Rule 11 of the Federal Rules of Civil Procedure. Simon did not appeal from that June 2, 2006 order.

On October 23, 2006, Simon submitted to the District Court a Rule 60(b) motion, contending that the District Court's rulings in the case manifested bias and constituted obstruction of justice, thereby rendering the June 2, 2006 judgment a nullity. Simon sought an enhanced amount of damages, injunctive and declaratory relief, sanctions against the defendants' attorney, and payment for his pro se legal fees and costs. By order entered October 27, 2006, the District Court directed the Clerk of that court to file Simon's document as a submission, not as a motion, noting that the court would take no action on the submission because it was filed in violation of the June 2006 order.

Simon appeals the October 27, 2006 order. The appellees have filed a motion for summary affirmance of the District Court's order. Simon has filed a motion to impose sanctions and a motion to impose $5 million in punitive damages, to which the appellees have filed responses.[3]

---

[3] On December 18, 2006, we denied Simon's "Motion to Expedite Appeal Upon Issuing Injunction By December 12, 2006." On January 17, 2007, we denied

We review a District Court's denial of Rule 60(b) relief for abuse of discretion. See Coltec Indus. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). The District Court concluded that Simon's Rule 60(b) submission violated its June 2, 2006 order. We agree. In his submission, Simon argued that the June 2, 2006 order was void due to alleged obstruction of justice by the District Judge, premised on his disagreement with several rulings. However, as relief, he did not to seek to reopen the proceedings under Rule 60. Rather, he sought to obtain immediate substantive relief on his underlying claims. Plainly, Simon's submission violated the portion of the District Court's June 2, 2006 order that forbade filing without leave of court any further pleadings in that court arising out of the same facts. Moreover, Simon made no attempt to certify the submission as compliant with the enumerated conditions of the District Court's order. We discern no abuse of discretion by the District Court.[4]

Because no substantial question is presented by this appeal, we will grant the appellees' motion for summary affirmance and will affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6. We deny Simon's motions for sanctions and to impose punitive damages.

---

Simon's motion to reconsider our December 18, 2006 order.

[4] As noted earlier, Simon did not appeal from the District Court's June 2, 2006 order, and we do not review that order here. Because Simon appeal is only from the order denying relief on Simon's Rule 60(b) filing, we cannot address the merits of Simon's claims. See Torres v. Chater, 125 F.3d 166, 167 (3d Cir. 1997).