**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3288
_____

ROSHA WILLIAMS,
Appellant

v.

CITY OF ERIE POLICE DEPARTMENT;
OFFICER JONATHAN NOLAN;
OFFICER RYAN VICTORY;
ASSIST. DIST. ATTY. MICHAEL BURNS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:10-cv-00014)
District Judge:  Honorable Maurice B. Cohill, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed February 24, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rosha Williams, now proceeding pro se, appeals the District Court's refusal to reopen his case. We will affirm.

Williams was arrested and charged with several offenses in Pennsylvania state court. After a suppression hearing, a judge of the Court of Common Pleas found that the police officer who arrested Williams had acted without probable cause.

Williams, pro se, then filed this case civil rights case against the two police officers, their police department, and the Assistant District Attorney involved in his arrest and prosecution. The Assistant District Attorney moved to dismiss, asserting prosecutorial immunity, and asked for a more definite statement regarding any allegation of his personal involvement in the unlawful arrest. The District Court ordered Williams to file an amended complaint that set forth "the specific basis on which recovery is sought against [the Assistant District Attorney] for the alleged false arrest and illegal search and seizure." In response to that order, Williams filed an "amended complaint against Defendant [Assistant District Attorney] only." That complaint, however, included *only* Williams's allegations against the Assistant District Attorney; it did not also include Williams's claims—set forth in his first complaint—against the police officers or their department.[1]

Thereafter, the District Court granted Williams's motion for to appoint counsel. Counsel entered his appearance for Williams on February 21, 2012.

---

[1] The Assistant District Attorney again moved to dismiss, and the District Court granted that motion. Williams does not challenge that ruling in this appeal.

2

The remaining Defendants—the police officers and the police department—later filed a motion for judgment on the pleadings. They argued that Williams's amended complaint superseded the original complaint and that because it set forth only claims against the Assistant District Attorney, and not against them, they were entitled to judgment. The Magistrate Judge ordered Williams's counsel to respond to that motion by June of 2012. When counsel failed to file a response, the Magistrate Judge held a telephone conference, in which Williams's counsel participated. The Magistrate Judge informed Williams's counsel that he must let the Court know whether he intended to retain Williams's original claims against the remaining Defendants. Despite the Magistrate Judge's admonition, and his representation to the Court that he would respond to Defendants' motion, counsel did not file a response. The Magistrate Judge thus treated Williams's amended complaint as the operative one; because it contained no claims against Defendants, the Magistrate Judge recommended granting their motion. The District Court adopted that recommendation, finding that the amended complaint contained no allegations against the remaining Defendants, and dismissed the case on November 7, 2012.

Nearly seventeen months later, on April 3, 2014, Williams moved to reopen the case. Williams claimed that neither the District Court nor his counsel had advised him that his case was dismissed, which he did not discover until that very day, when he called the clerk of the court to inquire about his case. Williams further claimed that his "counsel's inadvertence" in failing to respond to Defendants' motion constituted grounds to reopen his case. Several weeks later, Williams filed a second motion to reopen his

3

case, alleging that he was under the "false interpretation" (sic) that court-appointed counsel was complying with the all orders from the Magistrate Judge and the District Judge, and responding, as necessary, to Defendants' motions. Williams alleged that counsel's conduct created "extraordinary circumstances" that warranted reopening his case.

The Magistrate Judge recommended reopening Williams's case, explaining that "[e]ven though this case was dismissed based upon the grant of Defendants' motion for judgment on the pleadings . . . ., in actuality the dismissal occurred due to the failure of Plaintiff's attorney to comply with this Court's directive to file a response to Defendants' motion." However, the Magistrate Judge's recommendation was not adopted by the District Court. The District Court noted that it could reopen the case under Federal Rule of Civil Procedure 60, but it declined to do so, citing the "extraordinary passage" of time since the case had been dismissed. The District Court found that Williams must "take some personal responsibility for the great amount of time that has passed" because he "certainly did not follow up with [his counsel], who seemingly cut off all communication with his client and the Court sometime in June 2012, to ascertain the status of his case." In addition, the District Court found no reason to reopen the case because Williams's submissions to that point—including the original complaint—suggested a lack of merit. The Court also noted that Williams's "proper recourse" was filing an action against his counsel.[2]

---

[2] Williams timely filed a motion for reconsideration, which was also denied.

Williams appealed. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Like the District Court, we construe Williams's motions to reopen as seeking relief from a final judgment pursuant to Rule 60(b). We review only the District Court's denial of those motions, not the underlying judgment. See Torres v. Chater, 125 F.3d 166, 167 (3d Cir. 1997). Furthermore, we review the District Court's decision for an abuse of discretion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). "[W]e will not interfere with the [D]istrict [C]ourt's exercise of discretion unless there is a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 181 (3d Cir. 2000) (internal quotation omitted).

Williams's allegation—that his counsel's "inadvertence" in failing to respond to Defendants' motion resulted in the judgment against him—could be grounds for relief under Rule 60(b)(1), which permits a party to seek relief from a final judgment on the grounds of "inadvertence" or "excusable neglect." Fed. R. Civ. Pro. 60(b)(1), (c)(1). However, a motion under Rule 60(b)(1) must be brought no later than one year after the judgment was entered. See Fed. R. Civ. Pro. 60(b)(1), (c)(1). Here, Williams filed his motion approximately seventeen months after the District Court entered judgment against him.

Nor did the District Court abuse its discretion in finding that Williams was not entitled to relief under Rule 60(b)(6). Relief under Rule 60(b)(6) is only available where the other subsections of Rule 60(b) do not apply. Medunic v. Lederer, 533 F.2d 891, 893

5

(3d Cir. 1976). Although actions of counsel that constitute "excusable neglect" are properly considered as a basis to set aside a judgment under Rule 60(b)(1), actions by counsel that constitute inexcusable "gross negligence" can be "exceptional circumstances" justifying relief under Rule 60(b)(6). See Boughner v. Sec'y of Health, Ed. & Welfare, 572 F.2d 976, 978-79 (3d Cir. 1978). A Rule 60(b)(6) motion is not subject to the one-year limitation for seeking relief under Rule 60(b)(1). Nevertheless, a Rule 60(b)(6) motion must be filed within a "reasonable time." Fed. R. Civ. Pro. 60(c)(1).

The District Court denied Williams's motions, in part, because it found that an "extraordinary" amount of time had passed since his case was dismissed. Williams did not move to reopen his case for nearly seventeen months after the District Court entered judgment. Williams did not offer an explanation for this delay. Williams did later claim, in his motion for reconsideration, that he attempted to contact his counsel, but that his counsel had "cut off communication." But Williams does not explain why, after his counsel had "cut off communication," he did not seek to have his court-appointed counsel replaced, or why he failed to otherwise contact the District Court to inquire about the status of his case. Accordingly, inasmuch as Williams sought relief under Rule 60(b)(6), we perceive no abuse of discretion in the District Court's determination that Williams did not do so within a reasonable time. See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (holding that a Rule 60(b)(6) motion brought "almost two years" after the judgment was entered was not brought within a reasonable time).

For the reasons given, we will affirm the judgment of the District Court.