**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 19-2140, 19-3238

_____

ABDEL FATTAH,
Appellant

v.

DIRECTOR UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ACTING FIELD OFFICE DIRECTOR PHILADELPHIA UNITED STATES
IMMIGRATION AND CUSTOMS ENFORCEMENT AND REMOVAL
OPERATIONS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-18-cv-04158)
District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed: September 16, 2020)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge.*

Abdel Fattah's petition for mandamus complained about the conditions of his immigration detention and that the government lacked proper travel documents to return him to Egypt. But his removal to Egypt rendered the petition moot, and the District Court dismissed it as such. Rather than appeal that order, Fattah filed a motion under Federal Rule of Civil Procedure 60(b) citing new evidence and alleging fraud in his removal. The District Court denied the motion because Fattah's case was moot. We will affirm.

## I. BACKGROUND

Born in Egypt, Fattah came to the United States in 1999. After a conviction for assault, he was placed into removal proceedings. While he never challenged his removal in immigration proceedings, he did file a mandamus petition in the District Court while in immigration detention, alleging that he was denied adequate medical care during his confinement, and that the Department of Homeland Security ("DHS") had failed to timely obtain removal documents. After he was removed to Egypt, the District Court dismissed the petition as moot. Fattah did not appeal that order.

Then, after Fattah returned to the United States, he filed a motion under Rule 60(b) alleging that DHS had committed a fraud on the court by failing to obtain proper documents before his removal to Egypt. On April 19, 2019, the District Court entered an order explaining that its dismissal of the mandamus petition on mootness grounds was appropriate. The District Court did not, however, expressly state in its order that it denied the Rule 60(b) motion.

2

Fattah appealed the April 19 order. On August 7, 2019, the District Court issued an order clarifying that the 60(b) motion was denied as moot. Fattah appealed that order as well, and we consolidated both appeals.[1]

## II. FATTAH'S REMOVAL TO EGYPT RENDERED THIS ACTION MOOT

Fattah's removal rendered moot his challenge about the conditions of his detainment and the possession of proper documentation to remove him to Egypt. And his Rule 60(b) motion, which claims newly discovered evidence of fraud as to the government's possession of proper travel documents, cannot remedy that jurisdictional defect.

### A. There Is No Live Controversy

"A case [that] becomes moot" at any point during the proceedings is "no longer a 'Case' or 'Controversy' for purposes of Article III," and is outside the jurisdiction of the federal courts. *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013). Fattah's mandamus petition challenged the management of his health conditions during detention, and the government's failure to obtain the necessary documentation for his return to Egypt. After he was removed, of course, the outcome of his mandamus petition would not affect his rights, and therefore his case became moot. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) ("[F]ederal courts are without power to decide questions that cannot

---

[1] The District Court had jurisdiction to consider the complaint invoking the federal mandamus statute and the Administrative Procedure Act under 5 U.S.C. § 702, 28 U.S.C. § 1331, and 28 U.S.C. § 1361. We have jurisdiction under 28 U.S.C. § 1291. *See Torres v. Chater*, 125 F.3d 166, 168–69 (3d Cir. 1997) (a Rule 60(b) judgment can be a final judgment for 28 U.S.C. § 1291 when the decision disposed of the case).

affect the rights of litigants in the case before them."); *see also* U.S. Const. art. III, § 2, cl. 1 (federal courts' jurisdiction limited to live "[c]ases" and "[c]ontroversies").

## B.   The Rule 60(b) Motion Cannot Resuscitate the Controversy

Rule 60(b) provides a "court may relieve a party . . . from a final judgment, order, or proceeding for," among other things, newly discovered evidence and fraud. Fed. R. Civ. P. 60(b). But, a 60(b) motion is not "a substitute for an appeal." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rather, Rule 60(b) allows a party to correct a prior judgment. Here, that required Fattah to offer some grounds for why the previous order was incorrect, in other words, why the matters raised in the mandamus petition were not moot as a result of his prior removal to Egypt.

The motion does not address that issue. Instead, Fattah merely asserts there is a "live controversy and that this matter is not moot" because the District Court allegedly "would not have granted the . . . motion to dismiss" if it was aware of the alleged fraud. (Am. App. at 30.) Even assuming the truth of Fattah's allegations, that does not explain how the alleged circumstances supporting the mandamus petition—poor conditions in detainment and lack of proper documentation to return him to Egypt —survived his removal from the United States. For that reason, the District Court properly dismissed the matter for lack of jurisdiction.[2] *See Rice*, 404 U.S. at 246. Likewise, the District Court's dismissal of his 60(b)

---

[2] We review de novo a dismissal for lack of jurisdiction on mootness grounds. *Int'l Brotherhood of Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987).

motion was not an abuse of discretion.[3] *See Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 342 (3d Cir. 2003).

### III. CONCLUSION

Fattah's case became moot following his removal. And his Rule 60(b) motion, which sidestepped the mootness issue, was improper. For those reasons, we will affirm.

---

[3] Fattah contends that the District Court's August 7 order was improper because the District Court no longer had jurisdiction over the matter as a result of his appeal of the April 19 order. We consider the appeal of the April 19 order (No. 19-2140) and the appeal of the August 7 order (No. 1-3238) as one under Federal Rule of Appellate Procedure 4(a)(4)(B)(i). That rule provides: "a notice of appeal . . . becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Thus, the appeal of the April 19 order, which explained the District Court's reasoning but did not dispose of the Rule 60(b) motion, became effective when the District Court entered its order on August 7 disposing of the Rule 60(b) motion. Moreover, as the order merely added clarity to the docket and did not prejudice Fattah, who was already on notice that a key deficiency in his 60(b) motion was its failure to adequately address the mootness concern, the order was proper. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.") (internal quotation marks omitted); *see also Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011) ("even where doing so materially changes the parties' positions[,]" a court may correct a judgment when an issue was "inadvertently omitted from the judgment"); *Vasquez v. Hernandez*, 60 F.3d 325, 328 n.3 (7th Cir. 1995) (district court may clarify an order "after a notice of appeal has been filed").