**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1432
_____

DOLORES LLOYD,
                                        Appellant

v.

PRESBY'S INSPIRED LIFE;
FATIMAH BEY, Senior Property Manager for Interfaith House
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-06880)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2020
Before:  JORDAN, MATEY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 24, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Dolores Lloyd appeals the District Court's order denying her motion under Federal Rule of Civil Procedure 60(b). For the reasons discussed below, we will affirm.

In December 2015, Lloyd filed an action in the United States District Court for the Eastern District of Pennsylvania against her landlord and property manager, claiming that they committed housing discrimination, failed to reasonably accommodate her disability, and retaliated against her for filing a complaint with the Department of Housing and Urban Development and the Human Relations Commission. After allowing discovery to proceed, the District Court awarded partial summary judgment to the appellees on May 1, 2017, and granted their second motion for summary judgment on the remaining claims in a March 26, 2018 order.[1] Lloyd filed several motions in the District Court for relief under Federal Rule of Civil Procedure 60(b), primarily requesting that her case be reopened because the appellees had engaged in fraud. The District Court denied them all.[2] Lloyd now appeals the denial of her latest motion.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying Lloyd's motion under Federal Rule of Civil Procedure 60(b) for an abuse

---

[1] Lloyd filed an appeal from that order in January 2019. This Court dismissed it for lack of jurisdiction because it was untimely filed. Lloyd v. Presby's Inspired Life, C.A. No. 19-1046 (order entered on April 23, 2019).

[2] The District Court denied Lloyd's first Rule 60(b) motion (combined filings at ECF Nos. 30 and 34) in an order entered on June 5, 2019 (ECF No. 38); it denied her second motion on June 19, 2019 (ECF No. 40); and her third on February 10, 2020 (ECF No. 42). As we will explain, our review here is limited to the last order.

of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  A court abuses its discretion when it grounds its decision "upon a clearly erroneous finding of fact, an erroneous conclusion of law or an improper application of law to fact." Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (internal quotation marks and citation omitted).  The District Court did not abuse its discretion here.

At the outset, we note that the bulk of Lloyd's claims concerning the alleged fraud were raised in her previous Rule 60(b) motions denied by the District Court.  Lloyd did not file timely appeals as to the denials of those prior motions (nor has she included them in her notice of appeal, see Fed. R. App. P. 3(c)(1)(B)), and the timely appeal of the District Court's February 10, 2020 order does not bring up those earlier orders for review. See Torres v. Chater, 125 F.3d 166, 167 (3d Cir. 1997) ("An order denying relief under Rule 60(b) is an appealable order, but the appeal brings up only the correctness of the order itself." (quoting Daily Mirror, Inc. v. N.Y. News, Inc., 533 F.2d 53, 56 (2d Cir. 1976))).[3]  Her motion did not specify under which subsection of Rule 60(b) she intended to proceed, nor did the District Court invoke a particular subsection in its February 2020 order.  We will consider her motion under the subsections of Rule 60(b) most plausible to the grounds raised in her motion: (b)(2) (newly discovered evidence); (b)(3) (fraud,

---

[3] Lloyd did not file the Rule 60(b) motion at issue here within 28 days of the District Court's order denying her previous Rule 60(b) motion, so it did not toll the time to appeal that previous order under Fed. R. App. P. 4(a)(4)(A)(vi).

misrepresentation, or misconduct by an opposing party); and (b)(6) ("any other reason that justifies relief").

Under Rule 60(c)(1), motions made under Rule 60(b)(2) or (b)(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). As noted above, the District Court entered the order Lloyd attacks in her Rule 60(b) motion—the judgment granting appellees' second motion for summary judgment—on March 26, 2018. Lloyd filed the Rule 60(b) motion at issue here on January 31, 2020, almost two years after that. Thus, construed under either Rule 60(b)(2) or (b)(3), the motion was not timely filed, and the District Court properly denied it.

Motions made under subsection (b)(6) are not subject to the one-year time provision but must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). However, a party generally may not invoke Rule 60(b)(6) to evade application of the one-year time limitation prescribed for (b)(2) and (b)(3). A party may use (b)(6) to avoid the time bar only when she shows that "the relief sought is based upon any other reason than a reason which would warrant relief under 60(b)[(2) and (3)]," and that extraordinary circumstances for disturbing the judgment exist. Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975) (internal quotation marks and citations omitted).

Here, Lloyd's motion came up short in both respects. Lloyd argued that she had "new evidence" that appellees' attorney and the court reporter engaged in "secret communications" while taking her July 2016 deposition. As she has in her other Rule

4

60(b) motions, she also claimed that the court reporter editorialized; deleted statements; confused Lloyd's statements with those of appellees' counsel; inserted lies at the instruction of appellees' counsel; or changed Lloyd's testimony to sound argumentative and confused. Setting aside for the moment that these allegations lacked any support, we observe that they would most properly be brought in a motion under (b)(3) for "fraud [ ], misrepresentation, or misconduct by an opposing party." Lloyd's motion thus cannot escape application of the time-bar.

We also add that Lloyd likewise did not demonstrate the "extraordinary circumstances" required to proceed under (b)(6). See Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). Lloyd's allegations that the opposing party engaged in fraud amounted to nothing more than speculation and conjecture. Although she has attempted numerous times to craft a claim of misconduct surrounding her deposition (her latest being that the court reporter and appellees' counsel passed notes or signaled each other during the deposition) her claims lack any support. She has not shown "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Id. (citation omitted); see also Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (noting that such relief should be granted only "where extraordinary justifying circumstances are present") (citation omitted).[4]

---

[4] In her appellate brief, Lloyd also argued that the District Court erred in its June 5, 2019 order by finding her claim untimely. As stated above, that previous order is not properly

For the foregoing reasons, the District Court did not abuse its discretion in denying

Lloyd's motion under Rule 60(b).  We will affirm the order denying relief.

before us.  See Torres, 125 F.3d at 167.