

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2006

# Savage v. Bonavitacola

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2167

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Savage v. Bonavitacola" (2006). *2006 Decisions.* Paper 1109.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1109

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 05-2167 & 05-3133
_____

THORNTON SAVAGE,

Appellant

v.

ALEX BONAVITACOLA; LOUISE MASCILLI;
JANET FASY DOWDS; LYNNE ABRAHAM

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-00016)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2006

BEFORE: McKEE, FUENTES and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed:  May 15, 2006)

_____

OPINION
_____

PER CURIAM

Thornton Savage appeals the District Court's orders granting appellees' motions to dismiss and for summary judgement. The procedural history of this case and the details of Savage's claims are well-known to the parties, set forth in the District Court's thorough opinions, and need not be discussed at length. Briefly, Savage filed a civil rights complaint under 42 U.S.C. § 1983 in the District Court for the Eastern District of Pennsylvania. He alleged that appellees violated his rights by depriving him of transcripts from the voir dire and closing arguments of his criminal trial. In granting the motions to dismiss, the District Court concluded that Savage had failed to state a claim of conspiracy and that appellee Abraham, as District Attorney, was entitled to absolute immunity. In granting appellees' motion for summary judgment, the District Court determined that Savage's remaining claim was barred by the statute of limitations. Savage filed notices of appeal from both orders, and the appeals have been consolidated.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's orders granting appellees' motions to dismiss and for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). When reviewing a complaint for failure to state a claim, the Court must accept the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The Court should not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved. Id. A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the

2

moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The statute of limitations for a personal injury action in Pennsylvania is two years. 42 Pa.C.S.A. § 5524. A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). We agree with the District Court that Savage knew of his alleged injury by October 1999, or, at the latest, by July 2000. Thus, his complaint, dated December 21, 2002, was filed beyond the statute of limitations.[1]

Because his claims are time-barred, we need not reach the question of whether appellee Abraham was entitled to absolute immunity. Moreover, we need not review the District Court's dismissal of Savage's conspiracy claim as Savage argues that he did not raise such a claim in his complaint. Brief at 15 ("Appellant asserts that his § 1983 Complaint did not allege § 1983 Civil Conspiracy cause of action . . ."). He further

---

[1] Savage concedes that he waived his argument that the statute of limitations should be equitably tolled. He also requests that we remand the matter to the District Court to provide him with the opportunity to file a motion pursuant to Fed. R. Civ. P. 60(b). We note that a remand is not necessary for Savage to file a Rule 60(b) motion.

asserted that "the District Court read a cause of action into his § 1983 complaint that was not present, and thus its determination was improper." Brief at 19.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's June 3, 2005, judgment.