

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2009

# Thornton Savage v. Alex Bonavitacola

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1524

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Thornton Savage v. Alex Bonavitacola" (2009). *2009 Decisions.* Paper 1768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1524
_____

THORNTON SAVAGE,
                                        Appellant

v.

ALEX BONAVITACOLA; LOUISE MASCILLI; JANET FASY DOWDS;
LYNNE ABRAHAM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-00016)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2009
Before:    SLOVITER, AMBRO AND STAPLETON, Circuit Judges

(Opinion filed: March 6, 2009)
_____

OPINION
_____

PER CURIAM

Thornton Savage appeals from the order of the United States District Court for the

Eastern District of Pennsylvania denying his motions for relief from the judgment entered

in his case.  We will affirm.

Because the parties are familiar with the history and facts of the case, we will recount the events in summary fashion. In 2003, Savage filed a pro se civil rights complaint under 42 U.S.C. § 1983. He alleged that the defendants violated his constitutional rights by denying him access to transcripts relating to his criminal trial. The District Court granted the defendants' motions to dismiss the complaint on the basis of the Rooker-Feldman doctrine. On September 29, 2004, this Court vacated the order of dismissal and remanded the matter for further proceedings. Savage v. Bonavitacola, et al., C.A. No. 04-1572 (3d Cir. Sept. 29, 2004).

On remand, the District Court granted the defendants' motions to dismiss Savage's conspiracy claim and to dismiss defendant Lynne Abraham on the basis of absolute immunity. The defendants then filed a motion for summary judgment and renewed a statute of limitations defense. Savage filed a response. By order entered June 3, 2005, the District Court granted the defendants' motion for summary judgment, concluding that Savage's claims were barred by the statute of limitations. Savage appealed from both orders. In the consolidated appeal, this Court affirmed, concluding that Savage's complaint was filed beyond the statute of limitations. Savage v. Bonavitacola, et al., C.A. Nos. 05-2167 & 05-3133 (3d Cir. May 15, 2006).[1]

On June 15, 2007 and September 4, 2007, Savage filed motions pursuant to Rule

---

[1] We denied Savage's petition for rehearing en banc. Savage's certiorari petition to the United States Supreme Court was denied on January 8, 2007.

2

60(b) of the Federal Rules of Civil Procedure for relief from the District Court's June 3, 2005 judgment. Defendant Louise Mascilli filed a response. The District Court denied relief, determining, among other things, that relief under Rule 60(b)(1)-(3) was barred by the rule's one-year time limit and that Rule 60(b)(5) had no application to the case. The District Court also determined that relief was not warranted under Rule 60(b)(4) for a "void" judgment or under Rule 60(b)(6) for "any other reason justifying relief."[2] Savage then filed a motion for reconsideration, which the District Court denied. Savage appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In his brief, Savage challenges only the District Court's rulings regarding Rule 60(b)(4) and Rule 60(b)(6). We review the District Court's denial of relief under Rule 60(b)(6) for abuse of discretion, while we exercise plenary review of the denial of relief under Rule 60(b)(4). See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 and n.5 (3d Cir. 2008) (citing Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986)).[3]

Regarding Rule 60(b)(4), Savage asserted in his motions that the District Court's determination on the statute of limitations issue is void because the District Court failed

---

[2] The District Court's order also denied a motion filed by Savage for leave to file a supplemental Rule 60(b) motion.

[3] Because this is an appeal from the post-judgment orders and not from the June 3, 2005 order granting summary judgment and, given that we already have affirmed the June 3, 2005 judgment in Savage's previous appeal in C.A. Nos. 05-2167 & 05-3133, we will not address Savage's arguments that the District Court's June 3, 2005 order granting summary judgment was erroneous unless we conclude that the District Court erred in denying post-judgment relief. See Torres v. Chater, 125 F.3d 166, 167 (3d Cir. 1997).

3

to consider Savage's equitable tolling argument raised during the proceedings. We agree with the District Court's conclusion that nothing in this argument suggests that the District Court's order granting summary judgment was void, i.e., a complete nullity and without legal effect. Rather, Savage's argument simply is a legal challenge to the District Court's decision that should have been raised in his appeal, not in Rule 60(b) motions filed after his unsuccessful appeal. See Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004). Indeed, in affirming the District Court's judgment in Savage's appeal in C.A. Nos. 05-2167 & 05-3133, we specifically noted that Savage conceded that he waived consideration of his equitable tolling argument. Savage v. Bonavitacola, et al., C.A. Nos. 05-2167 & 05-3133, slip op. at 3 and n.1 (3d Cir. May 15, 2006).[4] We are unpersuaded that Savage's newfound disagreement with the District Court's judgment and assertions of "manifest injustice" warranted Rule 60(b)(6) relief. See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1347 (3d Cir. 1987) ("extraordinary" circumstances are necessary for granting Rule 60(b) relief; inequities or "manifest injustice" alone do not meet the standard). In sum, Savage's wish to revive a waived argument and relitigate an issue already decided and affirmed on appeal neither implicates the validity of the District Court's underlying order nor constitutes an extraordinary circumstance justifying relief. We discern no error in the District Court's

---

[4] On this point, we note that Savage's argument relies on his having invoked equitable tolling in January 2004, which was during the District Court proceedings held before this Court's remand of the matter in Savage's first appeal in C.A. No. 04-1572.

4

denial of relief under Rule 60(b)(4) and Rule 60(b)(6).

We will affirm the judgment of the District Court.