**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3993
_____

MARC ANTWAIN X. RIVERS MUHAMMAD, SR.,

Appellant

v.

VINCENT CAPPELLINI, Court Appointed Counsel;
LUZERNE COUNTY CHILDREN & YOUTH SERVICES;
LUZERNE COUNTY COURT OF COMMON PLEAS ORPHANS' COURT;
SUPERIOR COURT PENNSYLVANIA;
JOHN A. BELLINO, Guardian Ad Litem;
GERRY LYNN BUTLER, Case Worker;
THE SUPREME COURT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-10-cv-02374)
District Judge: Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2012

Before: CHAGARES, VANASKIE and STAPLETON, <u>Circuit Judges</u>

(Opinion filed: March 27, 2012)

_____

OPINION
_____

PER CURIAM

Marc Antwain X. Rivers Muhammad, Sr., proceeding pro se, appeals from the District Court's order dismissing his amended complaint pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, we will affirm.

I.

In November 2010, Muhammad filed a pro se complaint in the United States District Court for the Middle District of Pennsylvania alleging various constitutional violations in connection with his parental termination proceedings in the Luzerne County Court of Common Pleas, Orphans' Court Division. Muhammad named the following individuals and entities as defendants: attorney Vincent Cappellini, who was appointed to represent him during the termination proceedings; John A. Bellino, who served as his son's guardian ad litem; the Luzerne County Children and Youth Services (LCCYS); the Luzerne County Orphans' Court; the Superior Court of Pennsylvania; and the Supreme Court of Pennsylvania.

In the complaint, Muhammad alleged as follows:[1]

> The plaintiff is the biological father of Alonzo Darrell Tristian Allen (Alonzo). In May of 2002, the plaintiff was incarcerated and Alonzo was taken from his biological mother by the Luzerne County Court of Common Pleas and CYS. Alonzo was placed with his mother's relatives. The plaintiff filed numerous actions challenging the dependency determination and seeking to have Alonzo placed with his relatives. After completing the services recommended by CYS, the plaintiff sought contact with his son.

---

[1] This summary is taken from the Magistrate Judge's Report and Recommendation.

Despite the fact that the plaintiff had complied with the directives and recommendations of CYS, in March of 2006, CYS filed a petition to terminate the parental rights of the plaintiff. Defendant Cappellini was subsequently appointed as counsel to represent the plaintiff during the termination of parental rights proceedings. On June 21, 2007, Judge Conahan terminated the parental rights of the plaintiff to Alonzo.

Defendant Bellino was appointed as the Guardian ad Litem for Alonzo but he failed to act in the best interests of Alonzo as he did not ensure that the plaintiff received due process during the termination proceedings.

Alonzo was subsequently placed for adoption and has been adopted.

The plaintiff unsuccessfully appealed the termination of his parental rights to the Pennsylvania Superior Court and then to the Pennsylvania Supreme Court. On appeal the plaintiff claimed that defendant Cappellini provided ineffective assistance of counsel. The plaintiff claims that defendant Cappellini was ineffective by not presenting evidence to contradict the testimony of a psychologist, a psychiatrist and the CYS case workers during the termination proceedings. Neither the Pennsylvania Superior Court nor the Pennsylvania Supreme Court addressed the plaintiff's ineffective assistance of counsel claim.

(Report and Recommendation, Dist. Ct. dkt # 6, at pp. 2-4.)

Based on these allegations, Muhammad asserted claims under 42 U.S.C. §§ 1983 and 1985, arguing that the defendants had deprived him of his due process and equal protection rights, as well as his Sixth Amendment right to effective assistance of counsel. As relief, Muhammad sought: (1) a judgment declaring that attorney Cappellini had provided ineffective assistance of counsel during the termination proceedings; (2) an order vacating the state-court order terminating his parental rights, vacating the adoption order, and granting him physical and legal custody of Alonzo; and (3) nominal, compensatory, and punitive damages.

3

The Magistrate Judge recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it failed to state a claim upon which relief could be granted. Specifically, the Magistrate Judge determined that Muhammad's claims were barred under the Rooker-Feldman doctrine. See In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) ("The Rooker-Feldman doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.") (internal quotation marks and citation omitted). The Magistrate Judge further determined that the state-court defendants were immune from suit under the Eleventh Amendment. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005) (explaining that judicial defendants are Commonwealth entities entitled to Eleventh Amendment immunity).

Upon review, the District Court adopted in part and rejected in part the Magistrate Judge's Report and Recommendation. The District Court agreed that, under the Rooker-Feldman doctrine, it could not vacate the state-court decisions regarding Muhammad's parental rights.[2] The District Court also agreed with the Magistrate Judge that the state-

_____

[2] The District Court also determined that the Rooker-Feldman doctrine precluded the court from issuing a declaratory judgment as to attorney Cappellini's alleged ineffective assistance. Although Muhammad does not challenge the District Court's application of the Rooker-Feldman doctrine to his ineffective assistance of counsel claim, we note that, insofar as Muhammad alleges that the state courts refused to review the claim when he presented it on direct appeal, the Rooker-Feldman doctrine would not bar federal review of it. See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In any event, Muhammad did not have a constitutional right to

4

court defendants were entitled to Eleventh Amendment immunity. In addition, the court held that Muhammad's claim against defendant Bellino was barred under the doctrine of judicial immunity, see Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and that his § 1983 claim against attorney Cappellini could not survive because Cappellini is not a state actor, see Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). However, the District Court determined that Muhammad's remaining claims—a § 1983 claim for damages against LCCYS and a § 1985 conspiracy claim for damages against attorney Cappellini and LCCYS—could be plausible if supported by more particular facts. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (explaining that dismissal is proper if a party fails to allege sufficient factual matter, which, if accepted as true, could "state a claim to relief that is plausible on its face") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, the court granted Muhammad leave to amend his complaint.

Soon thereafter, Muhammad filed an amended complaint asserting conspiracy claims under 42 U.S.C. §§ 1985(2) and (3), and § 1986. In the amended complaint, Muhammad named as an additional defendant Gerry Lynn Butler, a caseworker with LCCYS, and claimed that Butler falsely testified at the termination hearing that Muhammad had failed to support Alonzo, and had not completed the drug, alcohol, and mental health programs outlined in his Family Service Plan. According to Muhammad,

---

assistance of counsel in his termination proceedings. See Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980) (explaining that a civil litigant, unlike a criminal defendant, does not have a constitutional right to effective assistance of counsel).

he sent documentation from the prison that he had completed these programs to attorney Cappellini, but Cappellini failed to produce them at the hearing. Muhammad also alleged that the Orphans' Court purposely ignored his briefs.

Muhammad claimed that the actions of Butler, Cappellini, Bellino, LCCYS, the Orphans' Court, the Superior Court, and the Supreme Court all stemmed from a conspiracy among them to deprive Muhammad of his parental rights. Muhammad argued that the motivation behind this conspiracy was animus against his race and a desire to prevent him from raising his son as a Muslim.

By order entered September 29, 2011, the District Court dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).[3] The court considered the new allegations contained therein and again held that the state-court defendants were entitled to Eleventh Amendment immunity, and that defendant Bellino was entitled to judicial immunity.

The District Court then addressed Muhammad's remaining § 1985 conspiracy claims against Butler, attorney Cappellini, and LCCYS. The court explained that, in order to state a claim under either § 1985(2) or § 1985(3), Muhammad was required to plead that an actual agreement existed among the parties. See Startzell v. City of Phila.,

---

[3] In addition to filing an amended complaint, Muhammad also filed a motion for reconsideration challenging the District Court's dismissal of his first complaint. The District Court considered the motion for reconsideration together with the amended complaint, and held that Muhammad had failed to demonstrate a change in the controlling law, newly discovered evidence, or a clear error of law or fact in its dismissal of the disputed claims. See Fed. R. Civ. P. 59(e). Muhammad does not challenge the District Court's reconsideration ruling on appeal.

6

533 F.3d 183, 205 (3d Cir. 2008). He did not, however, allege any specific facts indicating that Butler, attorney Cappellini, and LCCYS communicated with one another, or otherwise came to an agreement to conspire against him. As a result, he failed to plead enough facts to state a plausible claim for conspiracy under §1985. See Iqbal, 129 S. Ct. at 1949.

Muhammad now appeals from the District Court's order.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Here, the District Court fairly construed the allegations set forth in the pro se pleading and correctly concluded that Muhammad failed to state a claim upon which relief could be granted. See Iqbal, 129 S. Ct. at 1949; 28 U.S.C. § 1915(e)(2)(B). We refer the parties to the District Court's thorough opinion, which we have no need to summarize here. Accordingly, we will affirm the District Court's judgment.[4]

---

[4] To the extent that Muhammad requests that the appeals docketed in this Court at Nos. 11-4187 and 11-4632 be consolidated with the present appeal, we note that Muhammad previously made this request by motion and that the Clerk of Court denied the motion by order entered January 31, 2012.