DLD-397                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2106
_____

MARC ANTWAIN X. RIVERS MUHAMMAD, SR.,

Appellant

v.

VINCENT CAPPELLINI, Court appointed counsel;
LUZERNE COUNTY CHILDREN YOUTH SERVICES ORPHANS COURT;
LUZERNE COUNTY COURT OF COMMON PLEAS ORPHANS COURT;
SUPERIOR COURT OF PENNSYLVANIA; JOHN A. BELLINO, Guardian ad Litem;
GERRY LYNN BUTLER, Case Worker; SUPREME COURT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-02374)
District Judge:  Honorable A. Richard Caputo
_____

Submitted By the Clerk for Possible Dismissal Pursuant to
28 U.S.C. § 1915(e)(2)(B) and Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 22, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 5, 2013)

_____

OPINION
_____

PER CURIAM

Marc Antwain X. Rivers Muhammad, Sr., proceeding pro se, appeals from the District Court's order denying his "Motion for Federal Injunctive Relief & Damages Pursuant to § 1983" and dismissing the claims raised therein. Because this appeal does not present a substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

I.

In November 2010, Muhammad filed a pro se complaint in the United States District Court for the Middle District of Pennsylvania alleging various constitutional violations in connection with his parental termination proceedings in the Luzerne County Court of Common Pleas, Orphans' Court Division (LCCCP). The District Court dismissed the complaint, and, upon review, this Court affirmed the District Court's order. Muhammad v. Cappellini, 477 F. App'x 935 (3d Cir. 2012).

Muhammad subsequently returned to the District Court and filed a "Motion for Federal Injunctive Relief & Damages Pursuant to § 1983" raising new claims against new parties in connection with his parental termination proceedings in the LCCCP. Specifically, Muhammad alleged that: (1) the LCCCP and former LCCCP Judge Michael Conahan deprived him of his Fourteenth Amendment Due Process rights and First Amendment rights of free speech and to petition the government for redress of grievances; and (2) the Superior Court of Pennsylvania and the judges who reviewed the

2

termination proceedings—the Honorable Kate Ford Elliott, the Honorable Jacqueline O. Shogan, and the Honorable Robert E. Colville—deprived him of his Fourteenth Amendment Due Process rights by failing to address the merits of his ineffective assistance of counsel claim. Muhammad requested that the District Court enter an order vacating the LCCCP's order terminating his parental rights as well as the Pennsylvania Superior Court's order affirming that decision. He also demanded immediate physical and legal custody of his son and $50 million in damages.

The District Court construed the motion as a new complaint, reviewed it pursuant to 28 U.S.C. § 1915(a)(2), and dismissed the claims raised therein on immunity grounds. Specifically, the District Court found that the LCCCP and the Superior Court of Pennsylvania, as well as the judicial defendants, were immune from suit under the Eleventh Amendment. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005) (explaining that Commonwealth courts and judicial defendants are entitled to Eleventh Amendment immunity); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (explaining that judicial officers acting in their official capacity are immune from suit). This appeal followed.

## II.

We will summarily affirm the District Court's order. The District Court fairly construed the pro se filing as a new complaint and correctly concluded that Muhammad had failed to state a claim upon which relief could be granted. See Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009). We refer the parties to the District Court's thorough opinion, which we have no need to summarize here.

## III.

Accordingly, because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment. See Third Cir. LAR 27.4; I.O.P. 10.6.