PS4-155                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1380
_____

MARC ANTWAIN X. RIVERS MUHAMMAD, SR.,

                                                                Appellant

v.

VINCENT CAPPELLINI, Court Appointed Counsel;
LUZERNE COUNTY CHILDREN AND YOUTH SERVICES ORPHANS COURT;
LUZERNE COUNTY COURT COMMON PLEAS ORPHANS COURT;
SUPERIOR COURT OF PENNSYLVANIA;
JOHN A. BELLINO, Guardian ad Litem; GERRY LYNN BUTLER, Case Worker;
THE SUPREME COURT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:10-cv-02374)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2014
Before:  HARDIMAN, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 7, 2014)
_____

OPINION
_____

PER CURIAM

        In November 2010, Marc Antwain X. Rivers Muhammad, Sr., filed a pro se

complaint in the United States District Court for the Middle District of Pennsylvania

alleging various constitutional violations in connection with the termination of his parental rights in the Orphans' Court Division of the Luzerne County Court of Common Pleas ("LCCCP"). Among the defendants was the Luzerne County Children and Youth Services ("LCCYS"). The District Court dismissed the complaint. In regards to LCCYS, the District Court ruled that Muhammad had failed to state a claim. The District Court nonetheless allowed Muhammad to amend his complaint, noting, inter alia, that a conspiracy claim against LCCYS could be plausible if supported by more particular facts.

Muhammad filed an amended complaint, which the District Court also dismissed. In relation to the conspiracy claim against LCCYS, the District Court ruled that he failed to plead enough facts to state a plausible claim for conspiracy. Upon review, we affirmed the District Court's judgment. See Muhammad v. Cappellini, 477 F. App'x 935 (3d Cir. 2012).

After his appeal, Muhammad returned to the District Court with a "Motion for Federal Injunctive Relief & Damages Pursuant to § 1983" raising new claims against the LCCCP, a former LCCCP judge, and Pennsylvania Superior Court judges in connection with the LCCCP proceedings. The District Court construed the motion (with its demand for custody of his son and $50 million in damages) as a new complaint, reviewed it pursuant to 28 U.S.C. § 1915(a)(2), and dismissed the claims raised therein on immunity grounds. We again affirmed the District Court. See Muhammad v. Cappellini, 532 F. App'x 127 (3d Cir. 2013).

Subsequently, on October 1, 2013, Muhammad again returned to the District Court, filing a "Motion for Federal Injunctive Relief and Damages under 42 U.S.C.A. § 1983 pursuant to Rule 60(b)(6) of Federal Rule of Civil Procedure." Citing Rule 60(b)(6), he sought reopening. He argued that his parental rights were improperly terminated by LCCYS and claimed that immunity was improperly granted to LCCYS by the District Court. In his motion, he made an offer of settlement to the LCCYS, namely custody of his son and $100 million in damages. On December 31, 2013, Muhammad submitted a brief in support of his motion.

The District Court ordered Muhammad's brief stricken from the docket as untimely filed and denied his motion. Muhammad appeals. In his brief, he repeats his argument that LCCYS is not entitled to immunity. He also presents arguments about why he believes he is entitled to custody of his son.

We have jurisdiction under 28 U.S.C. § 1291. Torres v. Carter, 125 F.3d 166, 167-68 (ed Cir. 1997).

Despite the allusion to preliminary injunctive relief in its title, Muhammad's motion was a motion to reopen under Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003) (explaining that the content of a motion, not its title, controls). Generally, we review orders denying Rule 60(b) motions for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (explaining also that we exercise plenary review over orders granting or denying relief under Rule 60(b)(4)). An appeal from the denial of Rule 60(b)

3

relief does not bring up the underlying judgment for review.  See Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978).  Also, we review how a district court controls its docket for abuse of discretion.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  We may affirm on any basis supported by the record.  See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

Upon review, we will affirm the District Court's order.  Muhammad claimed legal error, but "legal error, without more, cannot justify granting a Rule 60(b) motion."  Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).  Furthermore, his claim of legal error was based on a misapprehension of the District Court's rulings.  The complaint and amended complaint against LCCYS were dismissed for failure to state a claim, not on the basis of immunity.  Furthermore, Muhammad did not otherwise present a basis for relief under Rule 60(b).  He did not put before the District Court material new evidence that could not have been discovered earlier with reasonable diligence.  See Compass Tech., Inc. v. Tseng Labs,, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995).  He also did not make the necessary "showing of exceptional circumstances" to justify relief under Rule 60(b)(6).  See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).  Lastly, it was within the District Court's sound discretion to strike Muhammad's late-filed brief from the docket.