NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1972
_____

GENE W. SALVATI,
                              Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., a subsidiary of
Deutsche Bank, AG; BANK OF AMERICA HOME LOANS SERVICING, a
subsidiary of Bank of America, N.A.; MCCABE, WEISBERG & CONWAY, P.C.,
a law firm debt collector
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2:12-cv-00971
District Judge: The Honorable Arthur J. Schwab

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 13, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: July 29, 2014)

_____

OPINION
_____

1

SMITH, *Circuit Judge.*

Gene Salvati ("Salvati") brought this putative class action lawsuit, on behalf of himself and other similarly situated former and current homeowners in Pennsylvania, alleging that defendants, Deutsche Bank National Trust Company, N.A., a subsidiary of Deutsche Bank AG ("Deutsche Bank"), Bank of America Home Loans Servicing, a subsidiary of Bank of America, N.A. ("Bank of America"), and McCabe, Weisberg & Conway, P.C. ("McCabe") committed acts in violation of state and federal consumer protection laws in connection with residential mortgage foreclosure proceedings. The United States District Court for the Western District of Pennsylvania dismissed the entirety of Salvati's claims. For the reasons set forth below, we will affirm in part, reverse in part, and remand.

## I.    Facts and Procedural History

In 2006, Salvati entered into a loan transaction with New Century Mortgage Corporation ("New Century"), pursuant to which he signed a promissory note in the amount of $139,200.00, secured by a mortgage on his residential property.[1] Subsequent to the execution of this loan transaction, New Century assigned its

---

[1]    Salvati also executed a secondary promissory note in the amount of $34,800.00, secured by a secondary mortgage on the property, as part of this loan transaction. The secondary note and mortgage are not at issue in this litigation.

interest in the mortgage to Deutsche Bank.[2] Bank of America is the servicer of Salvati's loan.

Salvati defaulted on the loan. In May 2011, McCabe, a law firm representing Deutsche Bank, sent Salvati a pre-foreclosure notice (the "Act 91/Act 6 Notice"), required under Pennsylvania law prior to the initiation of any foreclosure suit, informing him that the loan was in default. The Act 91/Act 6 Notice listed Deutsche Bank as the lender and indicated that Deutsche Bank intended to accelerate the debt and/or foreclose if Salvati did not cure the default. Salvati did not cure the default.

In February 2012, McCabe filed a foreclosure complaint on Deutsche Bank's behalf against Salvati in Pennsylvania state court. Deutsche Bank voluntarily discontinued this foreclosure suit in March 2012.

On June 8, 2012, Salvati filed this lawsuit in the Court of Common Pleas of Allegheny County, Pennsylvania. The lawsuit identified Salvati and another

---

[2] The parties dispute the date that Deutsche Bank acquired its interest in this mortgage. Deutsche Bank contends that, pursuant to a Pooling and Servicing Agreement dated June 1, 2006, New Century pooled Salvati's mortgage with other mortgages and conveyed the pool to Deutsche Bank, National Trust Company as Trustee of the Morgan Stanley ABS Capital I Inc. Trust 2006-H5. Salvati alleges that Deutsche Bank did not purport to acquire its interest in his mortgage until September 2011, when New Century executed an assignment to Deutsche Bank. In assessing the District Court's dismissal of claims under Rule 12(b)(6), we take the well-pleaded allegations of the complaint as true and interpret them in the light most favorable to Salvati, drawing all inferences in his favor. *PG Publ'g Co. v. Aichele*, 705 F.3d 91, 97 (3d Cir. 2013). For the purposes of this opinion, we take as true Salvati's contention that Deutsche Bank purportedly acquired its interest in Salvati's mortgage in September 2011.

3

mortgagor, Olivia Jones,[3] as named plaintiffs and purported to bring this action on behalf of a class of former and current Pennsylvania homeowners harmed by defendants' allegedly unlawful foreclosure-related practices. The lawsuit alleged that the foreclosure complaint filed against Salvati by Deutsche Bank contained charges for certain items, such as attorneys' fees and items labeled "Escrow Advance" and "Corporate Advance," that Salvati asserts lacked supporting documentation or explanations of when and how the costs were incurred. Complaint ¶¶ 16–33, Joint Appendix ("J.A.") 45a–48a.

The complaint alleges seven counts: violation of the Pennsylvania Loan Interest and Protection Law ("Act 6"), 41 Pa. Stat. Ann. §§ 101 *et seq.*, against Deutsche Bank, Bank of America, and McCabe (Count I); violation of Act 6 and/or the Pennsylvania Housing Finance Agency Law ("Act 91"), 35 Pa. Stat. Ann. §§ 1680.401c *et seq.*, against Deutsche Bank, Bank of America, and McCabe (Count II); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. §§ 201-1 *et seq.*, against Deutsche Bank, Bank of America, and McCabe (Count III); violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against McCabe

---

[3] According to the complaint, in 2005 Ms. Jones entered into a loan transaction with IndyMac Bank, F.S.B., and in 2009 her mortgage was purportedly acquired by OneWest Bank, F.S.B. ("OneWest"). The lawsuit originally named OneWest as a defendant and included various claims against OneWest. However, after Ms. Jones passed away in June 2012, the claims against OneWest were dismissed. OneWest is not a party to this appeal.

(Count IV); violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. §§ 2270.1 *et seq.*, as applied to debt collectors, against McCabe (Count V); violation of the FCEUA, as applied to creditors, against Deutsche Bank and Bank of America (Count VI); and breach of contract against Deutsche Bank (Count VII). Defendants removed the suit to federal court, pursuant to 28 U.S.C. § 1441.

Following removal of this lawsuit, Deutsche Bank, Bank of America, and McCabe each moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The matter was referred to the Magistrate Judge, who issued a report and recommendation advising the District Court to grant in part and deny in part the motions to dismiss.

Each of the parties filed objections to portions of the report and recommendation. In particular, Defendants argued that the report and recommendation relied on a mistaken premise—based on the allegations in the complaint—that Salvati had paid at least part of the fees that he alleged had been unlawfully charged to him. *See* Report & Recommendation at 9, J.A. 341a; Complaint ¶ 33, J.A. 48a ("Mr. Salvati and Ms. Jones each have paid at least a portion of the illegal charges charged to their respective accounts."). In his objection to the report and recommendation, however, Salvati "clarif[ied]" that "as a result of the foreclosure proceeding against him, he did not personally pay any

5

money to the Defendants." Objections to the Magistrate's Report and Recommendation at 7, J.A. 379a. Rather, Salvati put forward the theory that he had "suffered a loss of property (in an amount equivalent to the demanded payment), as a result of the automatic lien in an amount equivalent to the foreclosure costs and expenses that had been wrongly demanded." *Id.*

Reviewing the report and recommendation and the parties' objections, the District Court disagreed with the Magistrate Judge as to the viability of some of Salvati's claims. The District Court dismissed the complaint as to all counts. Salvati timely appealed.[4]

## II.    Analysis

Upon reviewing the record before us, we conclude that the District Court did not err in dismissing Counts I and II as to Bank of America and McCabe, and did not err in dismissing Counts III, V, VI, and VII. However, the District Court erred in dismissing Counts I and II with respect to Deutsche Bank and erred in dismissing Count IV.

### A.    Counts I and II

The District Court erred in dismissing Counts I and II because it did not analyze the possibility that Salvati has a valid remedy under §§ 503 and 504 of Act

---

[4]    The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1453. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of dismissal under Rule 12(b)(6). *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

6. In Count I, Salvati alleged that Deutsche Bank, Bank of America, and McCabe charged and/or collected unauthorized foreclosure-related attorneys' fees and expenses, in violation of § 406 of Act 6, 41 Pa. Stat. Ann. §§ 101 *et seq.* Count I also alleged that defendants charged attorneys' fees to homeowners prior to the receipt of the notice to the homeowner required by Act 6 and/or Act 91, in violation of § 403 of Act 6. In Count II, Salvati alleged that Deutsche Bank, Bank of America, and McCabe violated Act 6 and Act 91, 35 Pa. Stat. Ann. §§ 1680.401c *et seq.*, by commencing defective foreclosure proceedings and failing to send proper notices to mortgagees required under Act 6 and/or Act 91.

Both Counts I and II invoked the remedies provisions in Article V of Act 6. In both counts, Salvati sought statutory damages, reasonable attorneys' fees, costs, and expenses under §§ 501 and 502 of Act 6. Counts I and II also "request[ed] an award of statutory attorneys' fees under Act 6, §§ 503–504." Complaint at 20, J.A. 60a.

We agree with the District Court that Salvati has no remedy under either §§ 501 or 502 of Act 6. Section 501 provides that a borrower is not required to pay interest in excess of the maximum lawful rate. *See* 41 Pa. Stat. Ann. § 501. Because neither Count I nor Count II alleges that Salvati was charged excessive interest, § 501 provides no basis for recovery.

Additionally, the District Court correctly concluded that Salvati has no remedy under § 502 because Salvati admittedly has not paid any portion of the allegedly unlawful fees or expenses. *See* Objections to the Magistrate's Report and Recommendation at 7, J.A. 379a (acknowledging that Salvati "did not personally pay any money to the Defendants"). By its terms, § 502 only provides a remedy to "[a] person who . . . *has paid* charges prohibited or in excess of those allowed by this act or otherwise by law . . . ." 41 Pa. Stat. Ann. § 502 (emphasis added). We agree with the District Court that, under the language of the statute, there is no basis for Salvati's argument that he can sustain a claim under § 502 based on an inflated lien on his property where he has not paid any of the allegedly unlawful charges.

Although §§ 501 and 502 do not provide a basis for recovery, Salvati also "request[ed] an award of statutory attorneys' fees under Act 6, §§ 503–504," in Counts I & II. However, the District Court did not analyze whether Salvati could recover under these sections. Section 504 provides:

> Any person affected by a violation of the act shall have the substantive right to bring an action on behalf of himself individually for damages by reason of such conduct or violation, together with costs including reasonable attorney's fees and such other relief to which such person may be entitled under law.

41 Pa. Stat. Ann. § 504. Section 503 allows a borrower who prevails in an action under Act 6 to "recover the aggregate amount of costs and expenses determined by

8

the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee." 41 Pa. Stat. Ann. § 503(a). Because § 504 does not contain § 502's requirement that the plaintiff "ha[ve] paid" the charges and fees, this section might provide Salvati a remedy even if he never paid money to the defendants. If § 504 provides Salvati a viable remedy, moreover, § 503 could allow him to recover attorneys' fees.

However, Salvati's exclusive reliance in his complaint on violations of § 403 and/or § 406 creates an additional obstacle to relief with respect to Bank of America and McCabe. These sections apply only to "residential mortgage lenders," 41 Pa. Stat. Ann. §§ 403, 406, which Act 6 defines as "any person who lends money or extends or grants credit and obtains a residential mortgage to assure payment of the debt. The term shall also include the holder at any time of a residential mortgage obligation." 41 Pa. Stat. Ann. § 101. Salvati has not established that either Bank of America or McCabe fit within this definition. As to Bank of America, Salvati does not challenge the Magistrate Judge's conclusion that his Act 6 claim fails because Bank of America does not meet this definition. As to McCabe, there is no allegation that McCabe lent money, extended or granted credit, or held a residential mortgage obligation, and therefore the complaint fails to establish that McCabe is a "residential mortgage lender."

9

Accordingly, we will affirm the District Court's dismissal of Salvati's claims in Counts I and II with respect to Bank of America and McCabe. However, because the District Court dismissed Counts I and II on the basis that Salvati had not paid any of the allegedly unlawful fees or charges without discussing §§ 503 and 504, we will reverse and remand as to Counts I and II with respect to Deutsche Bank only.

## B.    Count III

We conclude that the District Court did not err in dismissing Count III. In Count III, Salvati alleged that Deutsche Bank, Bank of America, and McCabe violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. §§ 201-1 *et seq.*, by overcharging and/or misrepresenting the amount owed on Salvati's mortgage loan. Count III sought recovery under § 201-9.2 of the UTPCPL, which creates a private right of action for "[a]ny person who . . . suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of [the UTPCPL]." 73 Pa. Stat. Ann. § 201-9.2(a). Section 3 of the UTPCPL declares unlawful the "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or

commerce as defined by [§ 201-2(4)(i)-(xxi)]." 73 Pa. Stat. Ann. § 201-3. Salvati alleged that defendants violated Subsections (v) and (xxi) of § 201-2(4).[5]

Upon reviewing the record before us, we conclude that the District Court correctly dismissed Count III because Salvati failed to sufficiently allege an "ascertainable loss of money or property" sufficient to support his allegations under the UTPCPL. 73 Pa. Stat. Ann. § 201-9.2(a). As noted previously, Salvati has acknowledged that he has not paid any allegedly unlawful charges imposed by defendants. While Salvati argues that Count III alleges an ascertainable loss of property, *i.e.* the "increases in his unpaid principal balance and the resultant inflation of the encumbrance on his home," Appellant's Br. 18, 30, the allegations in Count III of the complaint make no mention of any increased encumbrance or lien on Salvati's property. Quite the opposite, the only loss that Salvati alleged in Count III was a loss of money resulting from "pa[yment of] the misrepresented and overcharged amounts," Complaint ¶ 82, J.A. 62a, and Salvati now acknowledges he never made any such payments to the defendants. Accordingly, we conclude

---

[5]    These sections designate, as "unfair methods of competition" and "unfair or deceptive acts or practices," the following:

> (v)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have; . . .

> (xxi)  Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

73 Pa. Stat. Ann. § 201-2(4)(v) & (xxi).

that Salvati has not met his burden of pleading an ascertainable loss of property sufficient to support his allegations in Count III and will affirm on this count.

## C. Count IV

We conclude that the District Court erred in dismissing Count IV. In Count IV, Salvati alleged that McCabe violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, which prohibits debt collectors from making any false representations as to the "character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), or collecting or attempting to collect amounts not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Salvati alleged that, because McCabe purportedly "demand[ed] and/or collect[ed] fees that were unlawful under Act 6 and/or Act 91," McCabe had violated the provisions of the FDCPA. Complaint ¶ 88, J.A. 64a.

The District Court held that dismissal of Count IV was warranted because "Salvati has paid none of the alleged illegal fees and costs and, thus, has not suffered any actual damages" in connection with his FDCPA claim. J.A. 24a. However, the District Court's conclusion was error because it ignored the fact that, under the FDCPA, a plaintiff may collect statutory damages even if he has suffered no actual damages. *See* 15 U.S.C. § 1692k(a); *see also Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007) ("[A] consumer may recover statutory damages [under the FDCPA] if the debt collector violates the FDCPA

even if the consumer suffered no actual damages."); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003) ("[C]ourts have held that actual damages are not required for standing under the FDCPA."). *See generally F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 166 (3d Cir. 2007) ("The FDCPA allows consumers to sue an offending creditor for actual damages, attorney's fees and costs, *as well as statutory damages up to $1,000*.") (emphasis added). The District Court incorrectly concluded that because Salvati had not paid any of the allegedly unlawful fees or expenses, the FDCPA claim must fail. Additionally, we are not persuaded by McCabe's suggestion that, in dismissing Count IV, the District Court exercised its discretion in denying Salvati statutory damages under the FDCPA. *See* McCabe's Br. 19. The District Court's opinion is silent on the issue of statutory damages under the FDCPA and nowhere did the District Court indicate that it was exercising such discretion. Accordingly, we will reverse and remand the District Court's dismissal as to Count IV.

### D.    Count V

The District Court correctly dismissed Count V, in which Salvati alleged that McCabe had violated the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. §§ 2270.1 *et seq*. The FCEUA provides, "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices

13

Act." 73 Pa. Stat. Ann. § 2270.4(a). Salvati alleged that because McCabe violated the provisions of the FDCPA (Count IV), McCabe was also liable under the FCEUA.

We agree with the District Court that McCabe is excluded from the FCEUA's definition of a "debt collector" and thus cannot be liable under the FCEUA. The FCEUA expressly excludes from the definition of "debt collector" attorneys working "in connection with the filing or service of pleadings or discovery or the prosecution of a lawsuit to reduce a debt to judgment." 73 Pa. Stat. Ann. § 2270.3(3)(ii). The District Court correctly determined that the allegations in the complaint against McCabe relate to allegedly unlawful actions taken "in connection with" the prosecution of a lawsuit based on Salvati's mortgage debt, and thus we conclude that McCabe is excluded from liability under the FCEUA. Additionally, we do not agree with Salvati's argument that McCabe's mailing of the allegedly defective Act 91/Act 6 Notice, which preceded the filing of the foreclosure lawsuit against Salvati, was a "non-litigation mailing activit[y]" that falls outside the scope of the FCEUA's attorney exemption. Appellant's Br. 40–41. As recognized by the District Court, under Pennsylvania law the mailing of notice required by Act 6 and 91 must precede the filing of a foreclosure action, *see* 41 Pa. Stat. Ann. § 403(a), 35 Pa. Stat. Ann. § 1680.403c(a)-(b), and thus McCabe was acting "in connection with" the prosecution of the foreclosure lawsuit in

14

sending this notice. Accordingly, we will affirm the District Court's dismissal of Count V.

### E. Count VI

The District Court did not err in dismissing Count VI, in which Salvati alleged that Bank of America and Deutsche Bank violated § 2270.4(b)(5) of the FCEUA, 73 Pa. Stat. Ann. § 2270.1 *et seq.* Section 2270.4(b)(5) prohibits creditors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt." 73 Pa. Stat. Ann. § 2270.4(b)(5). The FCEUA does not have its own remedy provision; rather, the FCEUA is enforced through the statutory remedy provisions of the UTPCPL. *See* 73 Pa. Stat. Ann. § 2270.5(a) ("If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of . . . the Unfair Trade Practices and Consumer Protection Law."). Thus, Salvati's FCEUA claim is premised on the viability of his claim under the remedial provision of the UTPCPL, 73 Pa. Stat. Ann. § 201-9.2. However, as explained above, Salvati has no viable remedy under the UTPCPL, and thus his FCEUA claim against Bank of America and Deutsche Bank must also fail. Accordingly, we conclude that the District Court's dismissal of Count VI was not error.

### F. Count VII

Finally, we conclude that the District Court did not err in dismissing Count VII, which alleged a breach of contract claim against Deutsche Bank. We agree with the assessment of the Magistrate Judge and the District Court that Count VII alleged claims on behalf of Ms. Jones against Deutsche Bank and OneWest, the servicer of her loan, and did not allege claims on behalf of Salvati. As Ms. Jones is no longer a plaintiff in this action, the District Court did not err in concluding that Count VII should be dismissed.

Additionally, we are not persuaded that the District Court erred in dismissing this claim with prejudice rather than giving Salvati an opportunity to amend Count VII. Salvati never made a proper motion to amend the complaint, despite having substantial time and opportunity to do so. On August 20, 2012, Deutsche Bank moved to dismiss Salvati's complaint, arguing, *inter alia*, that Count VII only asserted claims on behalf of Ms. Jones. *See* Memorandum of Law in Support of Deutsche Bank National Trust Company's Motion to Dismiss at 31–32, *Salvati v. Deutsche Bank Nat'l Trust Co., N.A.*, No. 2:12-cv-00971 (W.D. Pa. Aug. 20, 2012), ECF No. 13. Salvati did not attempt to amend the complaint. Thereafter, on February 1, 2013, the Magistrate Judge determined that the claims in Count VII warranted dismissal, as "there is nothing in these allegations to support a finding that they have been made on behalf of Mr. Salvati." Report & Recommendation at 23, *Salvati v. Deutsche Bank Nat'l Trust Co., N.A.*, No. 2:12-

16

cv-00971 (W.D. Pa. Feb. 1, 2013), ECF No. 46. Salvati still did not file a motion for leave to amend. Instead, in his opposition to the report and recommendation, Salvati indicated that any disagreement about whether he alleged claims on his own behalf in Count VII "can and, at a minimum, should be resolved by an Amended Complaint." Objections to the Magistrate's Report and Recommendation, *Salvati v. Deutsche Bank Nat'l Trust Co., N.A.*, No. 2:12-cv-00971 (W.D. Pa. Feb. 19, 2013), ECF No. 47. Such a "bare request" is not the proper method for amending the complaint. *See U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013). Thus, the District Court did not err in dismissing Count VII without granting Salvati leave to amend this defective count.

We also expressly reject Salvati's contention—set forth in his letter, submitted pursuant to Fed. R. App. P. 28(j), dated May 15, 2014—that the District Court's order of March 27, 2013, indicating that the court would "accept no further filings relative to the matters currently pending before it," prevented him from filing a proper motion for leave to amend the complaint. Salvati had substantial opportunity before the March 27, 2013 Order was entered to seek leave to amend his complaint, including several months after receiving notice of Deutsche Bank's argument in its motion to dismiss and after the issuance of the Magistrate Judge's recommendation. Despite having ample time, he neglected to make such a motion.

Thus, we are not persuaded by Salvati's contention that the District Court hindered his right to file for leave to amend, and we conclude that the District Court did not err in dismissing Count VII.

## III.  Conclusion

For the reasons set forth above, we will affirm the District Court's dismissal as to Counts I and II with respect to Bank of America and McCabe only, and will affirm the District Court's dismissal as to Counts III, V, VI, and VII. We will reverse and remand the dismissal as to Counts I and II with respect to Deutsche Bank only and also will reverse and remand the dismissal of Count IV.