CLD-045                                                         **NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 18-2280
_____

GENE W. SALVATI; ROSALIND DAVIS;
HARRY DAVIS; BRIAN D. MURPHY

v.

DEUTSCHE BANK NATIONAL TRUST CO, a subsidiary
of Deutsche Bank, AG; BANK OF AMERICA HOME LOANS
SERVICING, a subsidiary of Bank of America, N.A.; ONEWEST BANK
FSB; MCCABE WEISBERG CONWAY, PC, a law firm and debt collector

Antonello Boldrini,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-12-cv-00971)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2018
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 19, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Antonello Boldrini appeals from the District Court orders discussed below. We will affirm.

I.

The background of this class action is described in Salvati v. Deutsche Bank National Trust Co., N.A., 575 F. App'x 49 (3d Cir. 2014), in which we remanded for further proceedings on some of the named plaintiffs' claims. Following our remand, the District Court[1] entered an order preliminary certifying a settlement class and preliminarily approving a class action settlement. (ECF No. 177.) The settlement class included certain persons who received certain mortgage foreclosure complaints from McCabe Weisberg & Conway, P.C. ("McCabe"). Following a notice and opt-out period and a hearing, the District Court entered its final order certifying the class and approving the settlement. (ECF No. 205.) The District Court also dismissed the action with prejudice.

Appellant Boldrini is a member of the settlement class who neither opted out nor objected to the settlement. About a month after the District Court approved the settlement, however, Boldrini filed a motion seeking exclusion from the class. In that motion, Boldrini admitted that he received timely notice of the proposed class and

---

[1] The District Court acted in relevant part through a Magistrate Judge, who presided with the named parties' consent pursuant to 28 U.S.C. § 636(c)(1). The consent of the unnamed class members, including appellant Boldrini, was not required for the Magistrate Judge to exercise jurisdiction. See Dewey v. Volkswagen Aktiengesellschaft, 681 F.3d 170, 181 (3d Cir. 2012).

proposed settlement in an envelope addressed to him[2] and stamped "important information about class action settlement." He claimed, however, that he thought it was "advertising/junk mail, etc." and that he put it aside without reading it until he decided to "reorganize paperwork" after the settlement had been approved. McCabe opposed Boldrini's motion on the ground that he did not claim lack of notice but only that he had not read it, which was not a basis to release him from the already approved settlement. The District Court apparently agreed and denied Boldrini's motion on March 17, 2017. (ECF No. 212.) Boldrini did not appeal.

One year later, Boldrini filed with the District Court a motion for relief from that ruling under Fed. R. Civ. P. 60(b).[3] Boldrini did not rely on any newly discovered evidence, changed circumstances, or new law. Instead, he asserted without explanation that he sold his property in November 2009 (though he still resided there), and he raised conclusory claims of unspecified fraud. The District Court denied that motion on April 2, 2018. (ECF No. 217.)

Boldrini then filed a motion for reconsideration of that ruling. He attached a Truth In Lending Act "rescission notice" that he executed on March 2018 purporting to rescind a mortgage loan on the basis of fraud. The District Court denied the motion on May 9, 2018. (ECF No. 219.) In doing so, the District Court explained that Boldrini had not

---

[2] In his motion, Boldrini referred only to an envelope addressed to his deceased wife. Boldrini, however, attached a copy of an envelope and notice addressed to him.

[3] As of this writing, the District Court's docket incorrectly identifies Boldrini's motion as having been filed by plaintiff Gene W. Salvati. (ECF No. 214.)

raised any ground for Rule 60(b) relief or reconsideration and that his inclusion in the class was a result of his own failure to read his mail, not of any fraud. Boldrini filed another motion for reconsideration[4] and, by text-only order entered May 10, 2018, the District Court denied that motion too. (ECF No. 221.) Boldrini appeals pro se from that order. McCabe has filed a motion to dismiss this appeal as untimely, and Boldrini has filed a motion to "amend" his notice of appeal along with an amended notice of appeal challenging the District Court's orders at ECF Nos. 212, 217 and 219 as well.

## II.

We begin by clarifying our jurisdiction and the scope of this appeal. Boldrini's notice of appeal is timely as to both of the District Court's orders denying reconsideration (ECF Nos. 221 and 219) of the District Court's order denying Boldrini's Rule 60(b) motion (ECF No. 217), which sought relief from the District Court's order denying his motion from exclusion from the class (ECF No. 212). Boldrini's notice of appeal mentions only the District Court's second order denying reconsideration but, particularly in light of the issue noted in note 2, above, we will liberally construe his pro se notice of appeal as an appeal from the first order denying reconsideration. We in turn construe that order as denying relief under Fed. R. Civ. P. 59(e). Boldrini filed his first motion for reconsideration within 28 days of the District Court's order denying his Rule 60(b)

---

[4] Boldrini argues that he intended to file only a corrected copy of his original motion for reconsideration and not a new motion. That argument is supported by the fact that Boldrini mailed his second motion to the District Court before it denied his first motion. Boldrini was not prejudiced by the District Court's decision to docket and rule on his corrected motion as a new motion, however, because we construe this appeal to include a challenge to both orders denying reconsideration as explained below.

4

motion, so his timely appeal from the denial of reconsideration brings up for review the denial of his Rule 60(b) motion as well. See Fed. R. App. P. 4(a)(4)(A)(v); Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012). Thus, we will liberally construe his pro se notice of appeal as challenging that order too. The District Court's order denying Boldrini's Rule 60(b) motion for relief from a final order is itself a final order over which we have jurisdiction under 28 U.S.C. § 1291. See Torres v. Chater, 125 F.3d 166, 167-69 (3d Cir. 1997).

The District Court's underlying order denying Boldrini's motion for exclusion from the class, however, is beyond the scope of this appeal. Boldrini did not appeal that order within 30 days and instead filed his Rule 60(b) motion one year later. His Rule 60(b) motion did not toll the already expired period to appeal the order denying exclusion from the class, see Fed. R. App. P. 4(a)(4)(A)(iv), and his appeal from the denial of his Rule 60(b) motion does not bring that underlying order up for review, see Torres, 125 F.3d at 167; Rankin v. Heckler, 761 F.2d 936, 942 (3d Cir. 1985). Thus, we do not have jurisdiction to review that underlying order.

III.

As just discussed, we have jurisdiction to review the District Court's order denying Boldrini's Rule 60(b) motion and its orders denying reconsideration of that ruling. We do so for abuse of discretion, see In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 78-79 & n.4 (3d Cir.), cert. denied, 138 S. Ct. 114 (2017), and we perceive none. Boldrini's Rule 60(b) motion could be read as attempting to invoke Rule 60(b)(3) and Rule 60(b)(6), but he made no showing that his inclusion in the settlement class was

5

the result of fraud or some extraordinary circumstance rather than his admitted failure to read his properly labeled mail. See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). Nor did his motions for reconsideration raise anything warranting relief under Rule 59(e). See In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d at 87. Boldrini's arguments on appeal, which he has raised for the first time on appeal, relate to extraneous or irrelevant matters and do not require discussion.[5]

## IV.

For these reasons, this appeal presents no substantial question and we will affirm the judgments of the District Court. See 3d Cir. L.A.R. 27.4 (2010); 3d Cir. I.O.P. 10.6. We also deny McCabe's motion to dismiss this appeal as untimely[6] and Boldrini's motion to amend his notice of appeal.[7]

---

[5] For example, Boldrini argues that the District Court Clerk committed "fraud" because the Clerk received his motion for exclusion from the class on February 27, 2017, but did not docket it until March 7, 2017. Boldrini argues that the Clerk thereby deprived him of the ability to appeal the order approving the settlement, but that is not the case.

[6] McCabe argues that (1) this appeal is untimely as to the District Court's underlying order denying Boldrini's motion for exclusion, and (2) Boldrini's Rule 60(b) motion was improper because he was effectively using it as a substitute for an appeal of that underlying order. We agree with both propositions. As noted above, however, this appeal is timely as to the District Court's order denying Boldrini's Rule 60(b) motion, and that order is a final one that we have jurisdiction to review. The fact that Rule 60(b) motions may not be used as a substitute for appeal is a reason to affirm the District Court's denial of Rule 60(b) relief on the merits, not to dismiss this appeal as untimely.

[7] Boldrini's motion is unnecessary to the extent that we have liberally construed his notice of appeal as appealing from the District Court's orders denying reconsideration and Rule 60(b) relief. To the extent that Boldrini seeks to amend his notice of appeal to appeal the underlying order denying exclusion, Boldrini's notice of appeal is untimely as to that order as explained above. We decline to transfer Boldrini's motion to the District Court for consideration as a motion for relief from that time limit under Fed. R. App. P.

6

4(a)(5) or 4(a)(6).  Boldrini's motion does not state a basis for such relief, and none is available because the jurisdictional deadlines for seeking such relief have long since passed.  <u>See</u> 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A)(i), 4(a)(6)(B).