ALD-044                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2412
_____

AMOS JAMES SINGLETON,
Appellant

v.

DR. ROBERT BEADLE, Dentist;
JESSICA HABOVICH, Dental Assistant;
DOUGLAS BOPP, CHCA;
TAMMY FERGUSON, Facility Manager
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-00220)
District Judge: Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 3, 2020
Before:  MCKEE, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Amos Singleton, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 in February 2017 against four employees of the Pennsylvania State Correctional Institution – Benner Township ("SCI-Benner"), where he was then incarcerated. He now appeals from the District Court's order denying his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Because we find that the appeal presents no substantial question, we will summarily affirm.

Singleton's complaint alleged violations of his Fifth, Eighth, and Fourteenth Amendment rights, stemming from dental care he received at SCI-Benner. In February 2018, the District Court granted partial summary judgment in favor of Defendants Bopp and Ferguson. After discovery and full briefing, the District Court granted the remaining defendants' motion for summary judgment on July 23, 2019. On September 2, 2019, Singleton filed his 60(b) motion for relief from judgment, which the District Court denied. Singleton timely filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291 to review the denial of a Rule 60(b) motion. See Torres v. Chater, 125 F.3d 166, 167 (3d Cir. 1997). We may take summary action when an appeal presents no substantial question. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Because Singleton filed his Rule 60(b) motion more than twenty-eight days after entry of the challenged judgment, it has no effect on the finality of that judgment and our jurisdiction is limited to the denial of the motion itself. See Fed. R. Civ. P. 60(c)(2); Fed. R. App. P. 4(a)(4); see also Banister v. Davis, 140 S. Ct. 1698, 1710 (2020) (holding that a Rule 60(b) motion does not merge with the underlying judgment and remains a

2

separately appealable order, yet it does not bring the underlying judgment up for review when appealed). We review the denial of a Rule 60(b) motion for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Singleton's motion sought relief under three specific subsections, 60(b)(1)–(3), and the District Court denied his motion on all grounds. We address each in turn.

Under Rule 60(b)(1), a court may grant relief on the basis of "mistake, inadvertence, surprise, or excusable neglect." This Court has emphasized that "under well-established principles, Rule 60(b) is not a substitute for appeal." Page v. Schweiker, 786 F.2d 150, 154 (3d Cir. 1986). Here, as the District Court noted, much of Singleton's motion "reargue[d] many of the claims he previously raised, while also attacking the District Court opinion that rejected those claims." Mem. Op. at 3, ECF No. 88. To the extent his motion characterized the District Court's disposition of his claims as legal error, he did not allege a "mistake" warranting relief.

Singleton's motion also argued "mistake" in the District Court's refusal to consider the defendants' alleged ongoing deliberate indifference to his medical needs stemming from his 2018 throat surgery. Yet the District Court accurately noted that the complaint centered around a dental procedure performed in 2015, and contained no allegations related to the 2018 surgery or subsequent behavior by the defendants.[1] Thus,

---

[1] Singleton's motion also sought relief because the defendants "failed to oppose by affidavit, this affiant's 'Affidavit/Declaration' which more fully explain[ed] plaintiff's Eighth Amendment and Fourteenth Amendment violations alleged in the civil complaint and continued after the complaint." Mot. at 1, ECF. No. 82. The reference is to a document he filed after defendants' Motion for Summary Judgment but before his own Brief in Opposition, repeating some claims and adding new allegations related to the

the District Court did not abuse its discretion in ruling that there was no "mistake" in considering only those allegations in Singleton's complaint.

Rule 60(b)(2) provides for relief in the event of "newly discovered evidence." "That standard requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." In re Flonase Antitrust Litig., 879 F.3d 61, 70 (3d Cir. 2017) (quoting Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995)). The District Court held that Singleton's purportedly new evidence failed on all counts, and we agree. Singleton's evidence consisted of physician's notes he had already offered in opposition to summary judgment. The District Court did not abuse its discretion in finding this evidence was cumulative, available to Singleton at earlier stages, and unlikely to change the outcome of the litigation.

---

2018 surgery. See Aff./Decl., ECF No. 60. In its order granting summary judgment, the District Court held that this document failed to comply with Middle District of Pennsylvania Local Rule 56.1, requiring a party opposing summary judgment to respond to the movant's fact statement with corresponding numbered paragraphs. See Mem. Op. at 4 n.2, ECF No. 78. Singleton's 60(b) motion claimed error because he did not intend the document as a response to summary judgment, "but a sworn declaration of additional facts that went unopposed by defendants." ECF No. 82 at 5. Yet Singleton never sought defendants' consent or leave of court to amend his complaint, nor did he move to file a supplemental pleading setting out events subsequent to the complaint. See Fed. R. Civ. P. 15(a)(2), 15(d). Because of the filing's timing, coupled with Singleton's failure to seek leave to amend or supplement, we find the District Court's refusal to grant relief based on "mistake" in its interpretation of the document was not an abuse of discretion.

Finally, Rule 60(b)(3) provides for relief based on fraud, misrepresentation, or misconduct. To prevail on a Rule 60(b)(3) motion, a "movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Singleton's argument—largely based on his own interpretation of the sparse physician's notes offered as "new" evidence—was that Defendant Beadle falsified his dental records after his 2018 throat surgery. This allegation was entirely conclusory, and therefore the District Court did not abuse its discretion in denying Singleton relief.

Accordingly, Singleton's appeal does not present a substantial question, and we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.